Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1431 | **DATE** | 7/25/2003 |
| **CASE TITLE** | Reeves vs. Winters | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached order, the Court denies Reeves' petition for a writ of habeas corpus. Judgment is entered in favor of respondent.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | JUL 2 8 2003 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | OR | courtroom deputy's initials | 03 JUL 25 AM 10: 28 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DARRYL REEVES, )
)
    Petitioner, )
)
vs. ) Case No. 03 C 1431
)
KEVIN WINTERS, )
)
    Respondent. )

MEMORANDUM OPINION AND ORDER

DOCKETED
JUL 2 8 2003

MATTHEW F. KENNELLY, District Judge:

Darryl Reeves has filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus. Reeves challenges his state court conviction for armed robbery and aggravated discharge of a firearm as well as his twenty year prison sentence. After respondent answered the petition, the Court entered an order directing Reeves to reply and advising him that if he did not do so, the Court would rule without the benefit of his views. Reeves did not reply and thus the Court proceeds to consider the petition.

We take our summary of the facts from the Illinois Appellate Court's decision affirming Reeves' conviction. *People v. Reeves*, No. 1-99-4063 (Ill. App. Dec. 19, 2000). Reeves was charged with the armed robbery of an off-duty Chicago Housing Authority police officer and his uncle around 11:00 p.m. on June 15, 1998. The victims testified that while driving down an alley, their car was blocked by another car, and two men approached them holding guns. The victims stated, and photographic evidence showed, that the alley was well lit, and the victims were therefore able to observe the offenders' faces clearly. A man later identified as Leroy Coleman approached Brown's side of the car, and a man later identified as Reeves approached

the passenger side of the car. The men pointed their guns at Brown and Atkins and demanded money. As Brown and Atkins were producing their wallets, Brown pulled a gun, and a scuffle ensued. The man identified as Reeves began firing shots at the car, where Atkins was still seated. Coleman and Brown also fired shots at each other. Coleman ran off. Brown chased him for a short period and then returned to the car. When he did so, the man identified as Reeves began shooting at him. Brown returned fire, and Reeves ran.

The police arrived a few minutes later. The victims described Coleman as a tall, slender black man, 5'10" to 6' tall, and between 180 and 185 pounds. The man later identified as Reeves was described as dark complexioned, 5'7" tall, and "very stout," weighing about 190 pounds. According to Reeves' habeas corpus petition, at trial it was stipulated that Reeves is only 5'2" tall.

Four months later, Reeves was arrested. According to his habeas corpus petition, he was arrested without a warrant by officers who were looking for a man named "Darryl Fields" in connection with an armed robbery, based on information provided by Anthony Jones, who had been arrested along with Coleman in connection with other armed robberies. Jones had identified "Fields" as also being an accomplice of Coleman and had provided the police with an address. Reeves and Coleman were put in a lineup. Brown and Atkins viewed the lineup separately, and each identified Coleman and Reeves as the perpetrators. Both men also made in-court identifications at trial.

Before trial, Reeves moved to quash his arrest on the grounds that probable cause was lacking, and to suppress the lineup and in-court identifications. As best as we can tell, it appears that the motion to suppress the identifications was based both on the proposition that they were

the fruit of an unlawful arrest, and also that the lineup was unduly suggestive. According to Reeves' habeas corpus petition, all of the other men in the lineup were much taller than him, and he also stuck out because he had a cast on his leg.

Because Reeves waived a jury trial, the motion was heard simultaneously with the trial. The judge found the arrest invalid due to lack of probable cause. He declined to suppress the lineup and in-court identifications, however, finding that they were sufficiently attenuated to remove the taint of the illegal arrest: the witnesses had independently identified the offenders, no police misconduct was involved in the lineup, both witnesses had sufficient time and ability to observe the offender, both had a high level of certainty, and one of them had been a police officer for several years. With regard to the issue of suggestiveness, the trial court noted that although defendant was significantly shorter than the other men in the lineup, that variation went to the issue of the weight to be given the identifications, not their admissibility.

Reeves's appellate counsel raised no issues regarding his sentence. After Reeves' direct appeal was concluded, he filed a post-conviction petition in which he argued that the sentence was excessive and also that it should be reversed due to the fact that it was "grossly disparate" from the two year sentence that he claimed had been imposed on Coleman, and also that his appellate counsel had been ineffective for failing to raise these issues on direct appeal.

After the trial judge dismissed the petition as frivolous and without merit, Reeves appealed. His appellate counsel filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), stating that counsel believed the appeal to be futile because both Coleman had actually received a *twenty*-two year sentence, and both his and Reeves's sentences were within statutory limits. Reeves filed a memorandum in response to counsel's motion to withdraw

3

in which he conceded that Coleman had been given a twenty-two year prison term. He contended, however, that Coleman's sentence had been imposed for five separate armed robberies, arguing that he (Reeves) had been treated disparately by receiving almost as long a sentence for a single armed robbery. Reeves also argued that the trial judge's indication at sentencing that Reeves lacked remorse reflected that he had been given a greater sentence in retaliation for exercising his right to a trial. The Appellate Court affirmed the dismissal of the petition, stating that the sentencing issues raised by Reeves were without merit and that he had not been prejudiced by appellate counsel's failure to raise them on direct appeal. *People v. Reeves*, No. 1-01-2482 (Ill. App. June 18, 2002).

Reeves then filed the present petition, challenging the admission of the lineup and in-court identifications, imposition of an increased sentence allegedly because he had exercised his right to a trial, denial of equal protection arising from the alleged disparate treatment of him and Coleman at sentencing, and denial of effective assistance of counsel on direct appeal.

## Discussion

Reeves' argument that the identifications should be excluded as a violation of his Fourth Amendment right not to be arrested without probable cause cannot be reviewed in a federal habeas corpus proceeding. Under *Stone v. Powell*, 428 U.S. 465 (1976), Fourth Amendment claims are not cognizable in a federal habeas case so long as the petitioner received a full and fair hearing on his claim in state court. *See Moore v. Lane*, 612 F.2d 1046, 1047 (7th Cir. 1980) (per curiam) (applying *Stone* to claim regarding lineup identification alleged to have been the fruit of a Fourth Amendment violation). There is no question that this standard was met in this case. Reeves was fully heard on this issue in both the trial and appellate courts. We also note that the

Appellate Court applied the criteria set forth by the Supreme Court in *United States v. Crews*, 445 U.S. 463, 471-72 (1980), regarding whether an identification is sufficiently attenuated from a Fourth Amendment violation to be admissible at trial.

Respondent argues that the due process / suggestive lineup claim is procedurally defaulted in that it was not fairly presented to the state court in Reeves' appeal. The Court disagrees. It is true that the only cases cited in Reeves' appeal brief involved the suppression of an identification as the fruit of an unlawful arrest. And appellate counsel's argument was certainly not a model of clarity. But it is equally true that counsel repeatedly made reference to the allegedly "unduly suggestive lineup," *see* Brief, pp. 2 (description of "nature of the case" and statement of "issue presented for review"), 5, 6, 7 & 8, and in the brief's argument he specifically contended that "[t]he trial court manifestly erred in not suppressing the unduly suggestive lineup." *Id.*, p. 8. In sum, the brief cannot fairly be read as raising only a Fourth Amendment "fruit of the poisonous tree" issue. Indeed, the state's appellate counsel did not read it that way. Her appeal brief contained two separate arguments: the first was that the identification lineup was not unduly suggestive and that the in-court identification was reliable under due process standards; and the second was that in-court identification was sufficiently attenuated from the unlawful arrest to be properly admissible. State's Brief, pp. 11, 14.[1] And the Appellate Court, though it largely addressed the issue as one regarding whether the identifications were tainted by the false arrest, also referenced the "arguably suggestive lineup," and it made an alternative holding that even if the lineup had been excluded, the in-court identification, which it found to be "reliable and independent of the lineup and illegal arrest," was sufficient to prove Reeves' guilt.

---

[1] It is not clear whether Reeves' counsel filed a reply brief.

*People v. Reeves,* slip op. at 7. Under the circumstances, the Court believes that Reeves fairly presented the due process issue to the state courts, as he "assert[ed] the claim in terms so particular as to call to mind a specific [federal] constitutional right." *Verdin v. O'Leary,* 972 F.2d 1467, 1473 (7th Cir. 1992). We therefore proceed to the merits.

The issue on the merits is not whether this Court would have come out the same way as the state court were we addressing the issue in the first instance, but rather whether the state court's decision was "contrary to" (i.e., inconsistent with) United States Supreme Court precedent, or was an "unreasonable application" of Supreme Court precedent. 28 U.S.C. §2254(d)(1). It was neither. Under federal due process standards, an identification may be admitted despite the fact that it resulted from a suggestive procedure, if the identification is otherwise reliable. *Manson v. Brathwaite,* 432 U.S. 98, 114 (1977). An in-court identification that follows a suggestive out-of-court identification procedure is likewise admissible if it is reliable. *See, e.g., Cossel v. Miller,* 229 F.3d 649, 655 (7th Cir. 2000). Although the Appellate Court largely addressed the identifications in Fourth Amendment attenuation terms, the court clearly applied the appropriate criteria to determine whether the identification "result[ed] from the witness' independent recollection of the incident, and not the improper lineup," *Reeves,* No. 1-99-4063, slip op. at 5: the witness's opportunity to view the offender at the time of the crime, his degree of attention, the accuracy of his prior description, his level of certainty at the time of the identification, and the length of time between the crime and the identification. *Id.* at 5-6. Though certain of these factors cut in Reeves's favor – the discrepancies between his appearance and the witnesses' description, and the passage of four months between the offense and the lineup – the Appellate Court assessed those factors and concluded that they did not outweigh the

6

factors supporting a finding that the identifications were reliable (primarily the opportunity the witnesses had to view the offender at the time of the crime and their high degree of certainty). *Id.* at 6. Whether or not this Court would agree with that assessment if we were reviewing it *de novo,* we cannot say that in upholding the trial court's admission of the identification testimony, the Appellate Court acted contrary to federal law as established by the Supreme Court or that it unreasonably applied that law.

The sentencing-related issues raised by Reeves are also without merit. The Court sees nothing that indicates that Reeves' right to equal protection was violated by the fact that he got nearly a long a sentence as Coleman despite Coleman's commission of additional crimes. The equal protection clause does not require that defendants convicted of the same offense receive the same sentence, *Williams v. Illinois,* 399 U.S. 235, 243 (1970); *a fortiori,* it does not violate equal protection when defendants convicted of different sentences are not sentenced differently. Moreover, consideration of a defendant's lack of remorse is a legitimate factor for the judge to consider when imposing a sentence. *See, e.g., Bergmann v. McCaughtry,* 65 F.3d 1372, 1379 (7th Cir. 1995). And because these issues are without merit, Reeves' right to effective assistance of counsel was not violated by his appellate counsel's failure to raise them on direct appeal.

## Conclusion

For the reasons stated above, the Court denies Reeves' petition for a writ of habeas corpus. The Clerk is directed to enter judgment in favor of respondent.

Date: July 25, 2003

MATTHEW F. KENNELLY
United States District Judge